## Wood v. Moore.

TRUST FRAUD. *Securities. Creditors.*

Where a deed of trust is given to secure certain sureties and credi-
tors, the discharge of one of the sureties will not affect the right
of a creditor to a ratable distribution of the trust fund.

WRIGHT, J., delivered the opinion of the court:

The decree of the Chancellor is erroneous. There
is a plain distinction between a conveyance to secure
the payment of a debt, and one merely for the personal
indemnity of a surety.

In the former case the trust enures to the benefit
of the creditor, and creates a fund in his favor of
which he may avail himself in order to obtain satis-
faction of his debt. And in that case, the discharge
of the surety, though his protection was also one of
the objects of the conveyance—will have no effect upon
the claim of the creditor to the fund.

It is true the deed of trust executed by Samuel C.
Simmons to the defendants, Moore and Harwood, was
intended to secure said Moore and others as sureties
and stayors of said Simmons in certain debts enumera-
ted in said deed. But it is equally clear that it was also
intended, as security for the payment of debts them-
selves.

TENN. REP—12.

.The deed recites that the said Simpson had procured said Moore to become his surety and stayor, as to certain debts, which are *specifically* set forth in said deed; and among them, is the debt to complainants of $666, 90.

He also mentions other debts which he owed, and in some of which other persons have become liable, as his sureties and stayors; and then provides that in order to secure his said securities, stayors and other creditors—the said Moore and Harwood—the trustees should apply the assets in the deed of trust, first to the payments of the debts, on which he had given security, and procured stayors, and the debts for borrowed money, and certain other debts therein named; and next, to the payment of his other creditors.

This language is plain. The complainants have a right to require Moore and Hardwood—the trustees—to pay them their ratable part of the trust fund with the other creditors of the first class in the deed; the assets being sufficient to pay all the creditors.

The fact that Moore succeeded—after the execution of the deed—in a litigation with complainants, in getting discharged from liability as to their debt, upon a plea of *non est factum* or other defence, can in no way change or destroy their right. The principle settled in Jones v. Hamlet, 2 Sneed, 256, and Kennedy v. Pitts, et al., 5 Sneed, 91, *is, it seems to us*, decisive of the case. Roberston v. Sublett, 6 Humph. 313.

*Decree reversed.*